The decision below is signed as a decision of the court.

Signed: May 30, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LEONARD H. EDWARDS, | ) | Case No. 07-00241 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION TO FIND
<u>CHAPTER 13 TRUSTEE IN CONTEMPT OF AUTOMATIC STAY</u>

The debtor has filed a document captioned "Praecipe" (D.E. No. 24, filed May 15, 2007) in which he requests that his "'automatic stay' rights;" <u>i.e.</u>, the rights provided to debtors under 11 U.S.C. § 362, "be enforced" against the chapter 13 trustee, who has collected amounts owed pursuant to the debtor's chapter 13 plan directly from the debtor's payroll. The debtor's request, which the court construes as a motion to find the chapter 13 trustee in contempt of the automatic stay, is defective because there <u>is</u> no automatic stay in effect in this case. Pursuant to § 362(c)(4), a debtor who has had two or more cases pending before the court within the prior year that were dismissed (other than cases re-filed under § 707(b)) receives no

automatic stay upon the filing of a subsequent case.  Instead, § 362(c)(4) provides that a party in interest to the case must request that a stay be effectuated, which the court may grant only "if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."  11 U.S.C. § 362(c)(4)(B).  The debtor's "demonstrat[ion]" must be by "clear and convincing evidence" to rebut the statutory presumption that the filing is made in bad faith.  Id. at § 362(c)(4)(D)(i).

The court has dismissed two prior cases filed by the debtor within the past year.  In re Edwards, Case No. 06-00205, slip order (Bankr. D.D.C. Aug. 8, 2006); In re Edwards, Case No. 07-00108, slip order (Bankr. D.D.C. March 20, 2007).  Consequently, there is no automatic stay in place by operation of § 362, nor has the debtor provided any basis (evidentiary or otherwise) for effectuating a stay pursuant to § 362(c)(4)(B).  The debtor's motion is therefore invalid with respect to the chapter 13 trustee.

Finally, the court notes that even if the stay were in effect, the motion would still be denied on its face because the debtor has submitted a plan of repayment (D.E. No. 10, filed May 11, 2007) in which he explicitly "authorizes and directs [his] employer/income source to comply with all [of the chapter 13] [t]rustee's [d]irections by deducting and forwarding plan

payments directly out of the debtor's income source."  In short, the debtor's motion is completely devoid of merit and can be denied without need for a hearing.

An order follows.

                              [Signed and dated above.]


Copies to: Debtor; chapter 13 trustee.