The decision below is signed as a decision of the court.

Signed: May 30, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LEONARD H. EDWARDS, | ) | Case No. 07-00241 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION TO FIND
<u>HARVEY WEST AUCTIONEERS, INC. IN CONTEMPT OF AUTOMATIC STAY</u>

The debtor has filed a document captioned "Praecipe" (D.E. No. 26, filed May 22, 2007) in which he requests that the court penalize Harvey West Auctioneers, Inc. for having auctioned the debtor's condominium on May 17, 2007, notwithstanding the debtor's filing of the instant bankruptcy case.  The debtor's request, which the court construes as a motion to find Harvey West Auctioneers in contempt of the automatic stay, is defective because there <u>is</u> no automatic stay in effect in this case. Pursuant to § 362(c)(4), a debtor who has had two or more cases pending before the court within the prior year that were dismissed (other than cases re-filed under § 707(b)) receives no automatic stay upon the filing of a subsequent case.  Instead,

§ 362(c)(4) provides that a party in interest to the case must request that a stay be effectuated, which the court may grant only "if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B). The debtor's "demonstrat[ion]" must be by "clear and convincing evidence" to rebut the statutory presumption that the filing is made in bad faith. Id. at § 362(c)(4)(D)(i).

The court has dismissed two prior cases filed by the debtor within the past year. In re Edwards, Case No. 06-00205, slip order (Bankr. D.D.C. Aug. 8, 2006); In re Edwards, Case No. 07-00108, slip order (Bankr. D.D.C. March 20, 2007). Consequently, there is no automatic stay in place by operation of § 362, nor has the debtor provided any basis (evidentiary or otherwise) for effectuating a stay pursuant to § 362(c)(4)(B). The debtor's motion must therefore be denied.

An order follows.

[Signed and dated above.]


Copies to: Debtor; chapter 13 trustee;

Harvey West Auctioneers, Inc.
5335 Wisconsin Ave., NW
Suite 440
Washington, D.C. 20015